IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL SPOTTEDCORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-1096-C |
| | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC.; CANADIAN | ) | |
| COUNTY BOARD OF COUNTY | ) | |
| COMMISSIONERS, a Political | ) | |
| subdivision of the State of Oklahoma; | ) | |
| RANDALL EDWARDS, in his official | ) | |
| capacity as Sheriff of Canadian; and | ) | |
| JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed suit against Defendants Advanced Correctional Healthcare, Inc.,

("ACH"), Canadian County Board of County Commissioners ("CCBCC"), Randall Edwards,

in his official capacity as Sheriff of Canadian County, and John Does 1-3 alleging various

federal and state causes of action arising from an alleged failure to provide proper medical

care while Plaintiff was in custody.  Defendant ACH moves to dismiss, claiming that

Plaintiff failed to meet state pleading standards by not attaching a report from a qualified

expert stating that he has a meritorious claim.

The relevant Oklahoma statute, 12 Okla. Stat. § 19, requires that a plaintiff in a

professional negligence action attach an affidavit attesting that the plaintiff has consulted a

qualified expert and obtained an expert's written opinion regarding the claim. Id. § 19(A)(1).

If the plaintiff fails to attach an affidavit, the state court must, upon the defendant's motion, dismiss the claim without prejudice.  Id. § 19(A)(2).

Federal courts sitting in diversity are bound to follow state substantive law and federal procedural law.[1]  Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 92 (1938).  Differentiating between substantive and procedural law is not always easy, but where a federal rule of procedure controls, that rule applies.  Hanna v. Plumer, 380 U.S. 460 (1965) (applying federal service of process rule over contrary state rule).

Title 12 of the Oklahoma Statutes is entitled "Civil Procedure," and § 19 prescribes an additional pleading requirement, attachment of an affidavit.[2]  Fed. R. Civ. P. 8 governs the pleading standards of a complaint in federal court and does not impose the requirement of an attached affidavit.  Therefore, the federal rule and the state statute conflict, and the superimposition of the state requirement interferes with the application of Rule 8. Consequently, Fed. R. Civ. P. 8 controls the pleading requirements, and Plaintiff is not required to comply with the state pleading requirements of 12 Okla. Stat. § 19 in federal

---

[1]  While the present case is based on federal question jurisdiction, the Erie doctrine and its progeny are still applicable as Plaintiff asserts state law claims based upon supplemental jurisdiction, 28 U.S.C. § 1367.

[2]  Here, the statute requires the attachment of an affidavit to the petition, which makes this statute distinguishable from the Colorado statute in question in Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1537-38 (10th Cir. 1996) (finding Colorado statute requiring that plaintiffs file certificates of review within 60 days of serving complaint did not collide with a federal rule on point and therefore was substantive and applicable in federal diversity case).  See also Connolly v. Foudree, 141 F.R.D. 124, 126-29 (S.D. Iowa 1992) (finding no conflict with federal rule when statute required certification filed within 180 days of defendant's answer).

court.  See Estate of C.A. v. Grier, 752 F. Supp. 2d 763, 770-71 (S.D. Tex. 2010); Long v. Adams, 411 F. Supp. 2d 701, 709 (E.D. Mich. 2006) (refusing to apply Michigan's affidavit of merit requirement in a diversity malpractice suit); Baird v. Celis, 41 F. Supp. 2d 1358, 1361 (N.D. Ga. 1999) (finding expert affidavit in direct conflict with pleading standard required in Fed. R. Civ. P. 8(a)); Braddock v. Orlando Reg'l Health Care Sys., Inc., 881 F. Supp. 580, 583-84 (M.D. Fla. 1995); Boone v. Knight, 131 F.R.D. 609, 611 (S.D. Ga. 1990). Accordingly, Defendant ACH's Motion to Dismiss Plaintiff's negligence claim will be denied.[3]

<u>CONCLUSION</u>

For the above-stated reasons, Defendants ACH's Motion to Dismiss (Dkt. No. 5) is DENIED.

IT IS SO ORDERED this 7th day of December, 2011.

ROBIN J. CAUTHRON
United States District Judge

---

[3]  Because Defendant's Motion to Dismiss is denied based on application of federal law, Plaintiff's assertion that 12 Okla. Stat. § 19 violates the Oklahoma Constitution need not be addressed.